May it please the Court, I'm Martin Kastkavich for the Petitioner Ronnie Altidor. I would like to reserve five minutes for rebuttal, if necessary. In relation to Jim Kastkavich, by any chance, are you? No, and that's the second time I was asked that this week. Do you even know who he is? I do know who he was. Okay, all right. Defensive player for the Giants. But thank you for that. We're here today asking this Court to review, essentially, the decision of the immigration judge and Mr. Altidor's asylum withholding and Convention Against Torture claim. Specifically, in regards to the immigration judge's decision as to adverse credibility, the necessity for corroborating documentation, and the nexus issue between the persecution he suffered and a protected ground under the Immigration Act. There's another case I have trouble getting my mind around. Maybe you can help me with it. I assume that he's claiming, as a protected group, either the social group of Haitian police officers or former Haitian police officers, one of those two. But what is the nexus between that group and the treatment that he received in prison that would give rise to relief? I could not find that, as much as I looked for it. I could not find that. He was treated badly. He was put into the wrong prison, if you will. But he was put in the gang prison. But that, unless you're saying that they intentionally put him in there. That's exactly what he's saying. He's saying that other superiors in the police force intentionally put him in that prison on, essentially, what was, there were no charges. Because he wouldn't play ball and go along with it. Or he was stepping on their toes, or he had arrested their guy, and then they had to force him to release him. But that's not because he was a police officer. That's because of conduct he engaged in as a police officer. That's correct. And that conduct is not something immutable that he shares with other, all other police officers. His status as a police officer, or now, if he were to be returned former police officer, is an immutable characteristic. And that's been held by the Board of Immigration Bills. It's not been reversed by the police. Judge McKee is saying that was not, he wasn't put in there because he was a police officer. He was put in there because he arrested his superior's friend and other things he did, conduct he engaged in. He was put in there because he wasn't a corrupt police officer, where the corrupt police officers were in charge, so to speak. Or his superior was a corrupt police officer, according to his testimony, and put him in jail because of that. And intentionally into a gang prison, knowing that his identity would be uncovered, and that he would be subject to persecution. Because of what he had done. Because what, and who he was. What he had done to the gang. Right. And that he was a police officer as well. Also... But had he been a police officer who played ball, he wouldn't have been put in that prison. No. Clearly not. Right. So it wasn't his immutable social group. But as Judge Templin was saying, it was the way he went about discharging the duties of his position that caused him to receive this treatment. If we assume that the treatment is persecution. Basically it's a circumcord. He's Frank Cirpico and he's being retaliated against for being Frank Cirpico. And the judge actually made a comment like that among several other comments that she made in conducting the trial. But that's correct. But also, you could also look at as a protected ground on that issue of being put into the prison. Not only because he's a police officer. Because certainly the corrupt officer was police as well. But also as an imputed political opinion. That he's acting in an honorable manner or according to his duties and not in a corrupt fashion. The superiors are acting in a corrupt fashion. So clearly there's an ideological difference in what they should be doing in fulfilling their duties. And that is a political opinion. Well, you put ideological in there in a very interesting kind of phrase. It may be an ethical retaliation. It's a retaliation based upon his ethics. But it's not a retaliation based upon his political or religious ideology. To the extent I think that he thought he was doing the right thing. I think that would be his ideology. Or the way that he believes he should be conducting his duties. But does that mean that everyone who is persecuted, if you will. Taking everything that word implies. For doing the right thing. Is a refugee under the asylum laws. No, I don't think that you can take a look at it in that manner. But I think under the circumstances, the limited circumstances of this case. Is that his persecutor was a police officer as well. Inherently within the same social group. It's not as if, as with the Fuentes decision by the board. He's facing persecution or harm from criminals or other actors. Who he would engage or encounter in his normal activities. The persecution that he faced, or the substance of it. Came from his own social group, meaning the police force. So it doesn't have to be that broad. The persecutor and the persecuted were both within the same social group. It tells me if he were the same facts. Except that he had led a campaign against the corrupt regime. That was sponsoring his police force. Then it seems to me you're on very firm ground. But absent something like that, leading a campaign against the corruption of the government. So it becomes a political opinion. You really are asking us to take the concept of an ethically driven conduct. And read that as though it were an ideologically driven conduct. But I don't think he needs to do that. Because to the extent that when we're talking about the political opinion aspect of it. If his superior is imputing to him. Oh, he's not playing ball. He might try to bring me down, or go behind my back, or go somewhere else. The persecutor is imputing the political opinion to him. Why is that a political opinion? Well, to the extent that, again, in accepting the argument that within the same social group. Being the police force, the superior being corrupt. And Mr. Altador being an honorable police officer. Not doing what many of the other police officers were doing. Trying to act in an honorable fashion, doing his job. The corrupt officer is obviously seeing a difference or seeing a threat in his actions. And then based upon that, imputing an opinion that is opposite of his own. And that's where I find, that you can find that imputed political opinion. Okay, well, there's some suggestion in the brief. That he's claiming that when he was in the national penitentiary. That he was treated badly, beaten by fellow inmates. Because he was a police, not because of conduct he had engaged in as a police officer. But simply because he was a police officer. Or a former police officer. Or a former police officer. Now, I can't, was that argument made before the BIA? I can't find it in the briefs. The only talk about the beatings in the national penitentiary was in support of the torture. The torture claim. The torture claim. Is that correct? Well, I think that you have to, it's a fair assessment of the brief as it was presented at that level. It was a fairly short brief. Certainly before the immigration judge. And I think inherent in that brief to the board. The suggestions are made is the harm he occurred is because he was a police officer. Is there any evidence that would suggest that the staff of the national penitentiary. Acquiesced in or was unable to control the inmate population? Well, I think there is some objective evidence in the record. No direct evidence from the testimony from the petitioner himself. But in the evidence the Department of State reports. And also the Amnesty International reports. Just on the general conditions that there are poor conditions in the prisons in Haiti. That's not essentially what he's arguing. Just that he was subjected to generally poor conditions. But also being attacked because he was a police officer. And I think, I don't think that there's any evidence that they were intentionally permitting it. At least there's no testimony regarding that. It wasn't developed in the trial. Okay. Thank you. Okay. But if I could say though. To the extent that he was being harmed in his mind because he was a police officer. And the prison officials didn't take any action to prevent it. That is acquiescence. Because if they know what's going on. They're charged with taking actions to stop it or prevent it. Thank you. Okay. Thank you, your honors. Good afternoon, your honors. May I please the court. I'm Jeff Clare for the attorney general. Your honors, I think you've quite correctly grasped the fundamental issue in the case. As to whether there was a sufficient nexus between the alleged acts of persecution. And some asylum and protected ground. What the immigration judge essentially found is that the record showed. That petitioner ran afoul of some corrupt associates or superiors in the police department. And that insofar as any harmful harm he felt petitioner. It was on account of his interference with the criminal activities of the superior or associate. Not because of his membership in the police. Not because of any particular political opinion or opinion that might be imputed to him. I think the record would support that finding on the de novo review. And it certainly supports that finding on the more limited deferential review. Substantial evidence review that you must apply in this case. That standard is this court and many others have noted. That would require you to find and note that a reasonable fact finder would be compelled to find differently. The record falls far short of that here. With respect to your honor's question about prisoners attacking the petitioner. While he was incarcerated. My understanding of the theory of the case is that insofar as those acts occurred. They were induced by the corrupt associates that petitioner had run afoul of. And not carried out simply because of petitioner's membership in a social group. As the immigration judge recognized the BIA has acknowledged that membership in the police. May in certain circumstances constitute membership in a group that would be protected under the asylum statute. The immigration judge referred to the matter of Fuente's decision. That lays out that finding and that holding. So the immigration judge was certainly aware that an appropriate record would support a finding. The judge simply found that no such record was apparent. Unless there are any other further questions. I know it's been a long day for the court. And I think the briefs adequately set forth the government's position. So unless there are no further questions from the panel. I'll just rest on our part. Thank you. Thank you. Mr. Thank you. Thank you very much. Thank you.